## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TIMOTHY A. DOMENICO,

      Plaintiff,

vs.                                                                    Civ. No. 09-307 MV/CEG

BEVERLY HASCHAK, an Individual, and
THE HARTFORD CORPORATION, a/k/a
THE HARTFORD, a Connecticut corporation,
and KIERAN RYAN, an Individual,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Kieran Ryan's *Motion to Dismiss Under FRCP12(B)(6)* [sic], filed September 24, 2009 [Doc. No. 32]; *Defendants Beverly Haschak and Hartford's Motion to Dismiss Plaintiff's Amended Complaint for Damages and Memorandum in Support Thereof*, filed September 28, 2009 [Doc. No. 35]; and *Plaintiff's Motion to this Court to Order a Two Part Trial*, filed April 8, 2010 [Doc. No. 53].  The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities.  The Court concludes that Defendants Haschak and Hartford's motion to dismiss will be granted in part; that Hartford will be dismissed as a Defendant with regard to claims pertaining to an alleged bad-faith refusal to settle or pay medical providers; and that pro se Plaintiff Timothy Domenico will be allowed to amend his Complaint and will be required to properly serve Beverly Haschak within fourteen days of the filing of this Order.  The Court will deny Plaintiff's motion for a two-part trial and Defendant Ryan's motion to dismiss.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1

On December 22, 2006, in Alamogordo, New Mexico, Haschak failed to stop at a stop sign and struck Domenico with her car while he was riding his bicycle, injuring Domenico. *See* Doc. 28 ¶¶ 1-2 & 5, at 2. Defendant The Hartford Corporation[1] ("Hartford") insured Haschak at the time. *See* Doc. 35 at 2. After accepting "full financial responsibility for the accident," Hartford offered to pay all of Domenico's property and medical expenses and to give him $250.00 as additional compensation for the accident. *See* Doc. 28 ¶ 6, at 2. Domenico declined the offer because Hartford would not provide to him documentation of other instances where Hartford had paid similar amounts for a similar accident. *See id.* ¶ 7, at 2. Prior to Domenico's conversation with Hartford, he was evicted from his home, and Domenico contends that Hartford intentionally and unfairly used that fact to put financial pressure on him and to coerce him to settle. *See id.* ¶ 8, at 2-3. Domenico received the following "initial" payments from Hartford: $120 to replace his bicycle and $60 to replace his full-face protective helmet. *Id.* ¶¶ 8-10, at 2-3.

Five days after the accident, on December 27, 2006, Domenico filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Mexico. *See In re Timothy A. Domenico*, Case. No. 7-06-12430-S7. The Bankruptcy Court appointed Defendant Kieran Ryan as the Chapter 7 Trustee to administer Domenico's bankruptcy estate. *See* Doc. 28, ¶ 13, at 3; Doc. 33 at 2. As Trustee, at some point, Ryan entered into negotiations with Hartford to settle Domenico's claim against Haschak, eventually settling it for $3,000 on May 23, 2008. *See* Doc. 28 ¶ 13 at 3; Doc. 9, Ex. A (copy of settlement agreement). But Ryan did not provide prior notice to Domenico of the settlement or give him or his counsel opportunity to object to it. *See* Doc. 28 ¶ 14 at 4. And, Ryan did not apply any of the funds towards Domenico's medical care. *See* Doc. 28 ¶¶

---

[1]In its motion to dismiss, Hartford clarifies that its proper name is HARTFORD INSURANCE COMPANY OF THE MIDWEST. *See* Doc. 35 at 1.

15 and 16, at 4.  Domenico's Chapter 7 bankruptcy was converted to a Chapter 13 bankruptcy on January 6, 2009.  *See* Doc. 28 ¶ 18, at 4; Doc 33, Ex. B (copy of order).  The Bankruptcy Court appointed a different Trustee, Kelly Skehen, for the Chapter 13 bankruptcy.  Because Domenico failed to appear at a 11 U.S.C. § 341 meeting of creditors that was scheduled for the end of March, 2009, Trustee Skehen filed a motion to dismiss the case.  *See* Doc. 7 at 1-2 (Domenico's motion to postpone proceedings in this Court pending dismissal of his bankruptcy case).  The Honorable James S. Starzynski, United States Bankruptcy Judge, granted the motion and dismissed the bankruptcy case on May 1, 2009.  *See* Doc. 33, Ex. C (Order dismissing bankruptcy case).

Domenico filed his initial Complaint against Haschak and Hartford in the Twelfth Judicial District Court in Otero County, New Mexico, on February 27, 2009, while the bankruptcy proceedings were still active.  *See* Doc. 1 ¶ 2, at 1 and Doc. 1 at 4.  Instead of requesting the Bankruptcy Court to take jurisdiction over the suit as part of a core proceeding in which Domenico had asserted claims for damages against Haschak, Hartford filed its Notice of Removal in this Court on March 30, 2009.  *See* Doc. 1.  When Domenico sought to postpone this case pending dismissal of his bankruptcy proceedings, Hartford objected, contending that the automatic stay applied only to actions by creditors against debtors, and arguing that neither Haschak nor Hartford were creditors because the Title 7 Trustee had settled and signed a release of Domenico's claims against them before Domenico filed suit.  *See* Doc. 9 at 1.  The Court denied Domenico's motion.  *See* Doc. 10.

On July 20, 2009, Domenico filed a Notice to the Court of Return of Funds to Defendant-2, which asserts that Domenico received a check in the amount of $2,250.00 from the Chapter 13 Trustee, which funds he believes may be those that Hartford paid to Ryan, the Chapter 7 Trustee.  *See* Doc 21 ¶ 2-3.  Domenico states that he was advised by his "primary medical care provider's billing representative" to return the funds to Hartford.  Doc. 28 ¶ 18 at 4.  Domenico's primary care

3

provider had halted all medical care being provided to him in relation to the accident. *See* Doc. 28 ¶ 24 at 5.

Domenico filed his Amended Complaint in this Court on August 15, 2009, adding Ryan as an additional Defendant. *See* Doc. 28.

## II.  LEGAL STANDARD

A complaint should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6)

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

> "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2).  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted), *cert. denied*, --- S.Ct. ----, 2010 WL 154973 (U.S. Jan. 19, 2010) (No. 09-549).  While, generally, only the complaint and its allegations are considered in a motion to dismiss, documents referred to in the complaint may be considered at the motion-to-dismiss stage if they are "central to the plaintiff's claim" and their authenticity is undisputed.

*Phillips v. Bell*, No. 08-1420, 2010 WL 517629, *3 (10th Cir. Feb. 12, 2010).

## III.  ANALYSIS

### A.    Defendant -1 - Beverly Haschak

On September 28, 2009, Haschak and Hartford filed their Motion to Dismiss Plaintiff's

Amended Complaint for Damages under Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure.  *See* Doc. 35.  Haschak and Hartford contend that Haschak has never been served with either the Complaint or the Amended Complaint and that the time for service has expired.  *See id.* at 3.

       "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  The burden of establishing validity of service of process is on the plaintiff.  *See F.D.I.C. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).  The plaintiff's burden of ensuring effective service is not relieved by his pro se status.  *See Jones v. Frank*, 973 F.2d 872, 872-874 ( 10th Cir. 1992); *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  Rule 4(e)(2) of the Federal Rules of Civil Procedure requires either personal delivery of a copy of the summons and complaint to a prospective defendant, delivery of these documents to a person of suitable age at the individual's home, or delivery of these documents to an authorized agent.  Service of process is also permitted by "following state law for serving a summons . . . ." FED. R. CIV. P. 4(e)(1).

       With regard to service, New Mexico law provides:

E. Process; how served; generally.

(1) Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.

(2) Service may be made, subject to the restrictions and requirements of this rule, by the methods authorized by this rule or in the manner provided for by any applicable statute, to the extent that the statute does not conflict with this rule.

(3) Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process . . . .

5

F. Process; personal service upon an individual.  Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:

(1)(a) to the individual personally; . . .

(b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.

NMRA Rule 1-004.

Haschak argues that she was not properly served by any of these methods.  *See* Doc. 35 at 3.  She was not served with process at her home, and at no time does Domenico state that he served Haschak directly.  Domenico states that he did not want to frighten Haschak by using his process server, who is a tall, "intimidating" individual who always dresses in black, *see* Doc. 49 ¶ 9 at 2, and, instead, called a Hartford claims adjuster to see how to handle the matter.  He states that the adjuster gave him an address "to dispatch this matter by certified mail," and that he mailed the summons and complaint to that address.  *Id.* at ¶¶ 10-11, at 2 and Doc. 40 at 2.  Domenico has not argued or shown that Hartford was Haschak's authorized representative; consequently, Domenico did not properly serve Haschak.

Typically, the Court allows a pro se plaintiff additional time to properly serve a defendant. *See* FED. R. CIV. P. 4(m).  The Court will allow Domenico fourteen days after the filing of this Order to properly serve Haschak.

### B.    Defendant - 2 - The Hartford Corporation, a/k/a The Hartford

In addition to their allegation of non-service of Haschak, Haschak and Hartford contend that Domenico has not obtained a judgment in his favor against Haschak and, therefore, cannot sue Hartford because a third-party claimant may not sue both the insured and insurer in the same lawsuit for damages suffered in an accident.  *See id.* at 3, 6.  They also assert that there is no common-law

6

or statutory cause of action allowing Domenico to bring a claim for fraud, conspiracy, or bad faith

with regard to the settlement and release of an insurance claim.[2]  *See id.* at 5.

> **i. Domenico's claims against Hartford for bad faith in refusing to settle are premature**
> **and must be dismissed without prejudice.**

In his Amended Complaint, Domenico contends that Hartford initially agreed to pay for his

medical expenses and property losses but did not pay him the amount of money that he felt he was

owed with regard to the accident.  Specifically, Domenico alleges that Hartford should have paid,

but did not pay, for his medical expenses that had already amounted to $9,000 and for a needed

surgery that his provider stated would cost between $25,000-30,000, and that it paid only $120 for

a nearly new bicycle that cost $2,500 and $60 for a helmet for which Domenico had paid $120.

Doc. 28 ¶¶ 9-13, at 3-4.

In his response to Hartford's motion to dismiss, Domenico states: "I have no objection to

dropping Defendant-2 - Hartford Midwest - from this action" on the basis that an injured party

should obtain a judgment against an insured before pursuing claims against the insurer.  Doc. 49 ¶

3-4, at 1-2.  Then, on April 5, 2010, Domenico filed a clarification, which the Court interprets as a

sur-reply, stating that he did not intend to release Hartford from the "property damages and property

loss component of Plaintiff's claims," but only from the personal injury, medical costs and pain and

suffering aspects of his action, and only until a judgment is rendered against Haschak for liability

---

[2]  Haschak and Hartford additionally allege that, under the *Barton* doctrine, Domenico must seek to re-open his Chapter 7 bankruptcy petition to contest Ryan's actions as Trustee, particularly since Domenico did not receive permission from the bankruptcy court to file his current claims.  Interestingly, Ryan does not contend that the *Barton* doctrine bars this case. Because the *Barton* doctrine applies to trustees and receivers and not insurance carriers, such as Hartford, and it is Hartford making the *Barton* doctrine contention, and because the Bankruptcy proceedings had been dismissed when Domenico filed his amended Complaint, the Court will decline to further discuss this argument.

on that issue.  *See* Doc. 52 ¶ 3, at 2.

The Court concludes that a determination of Haschak's liability is a pre-requisite to Domenico pursuing his statutory and common-law claims against Hartford pertaining to Hartford's failure to settle Domenico's claims in a timely manner and its refusal to pay his medical providers.

The Insurance Code provides third-party claimants with a statutory cause of action for unfair claims practices.  *Hovet v. Allstate Ins. Co.*,135 N.M. 397, 400, 89 P.3d 69, 72 (N.M. 2004).  Specifically, § 59A-16-30 of the New Mexico Statutes Annotates 1978 provides in relevant part:

> Any person covered by Chapter 59A, Article 16 NMSA 1978 who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages. Costs shall be allowed to the prevailing party unless the court otherwise directs . . . .

NMSA 1978 § 59A-16-30

There is a statutory duty under Section 59A-16-20(E) of the New Mexico Statutes Annotated for insurers to attempt reasonable settlement efforts of their insureds' claims, including the claims by third parties relating to automobile insurance.  *See Hovet*, 135 N.M. at 403, 89 P.3d at 75.

> It would be illogical to conclude that a third-party claimant with a direct interest in fair settlement practices may not sue under the Insurance Code, while only the insured, who may have little or no direct interest in settlement practices up to policy limits, could sue.  For most automobile liability policies, such an interpretation would render unenforceable the fair and equitable settlement practices mandated by the Code.  We decline to ascribe such a sterile intent to a legislative effort as comprehensive and public-spirited as the Insurance Code.  Therefore, we conclude that the Legislature intended both the insured and the third-party claimant to be protected under Section 59A-16-20.

*Id.*

> The fair practices requirements placed upon insurers must not be misunderstood, however.

> [T]he Insurance Code does not impose a duty to settle in all instances, nor does it require insurers to settle cases they reasonably believe to be without merit or overvalued . . . The insurer's duty is founded upon basic principles of fairness.  Any insurer that objectively exercises good faith and fairly attempts to settle its cases on

8

a reasonable basis and in a timely manner need not fear liability under the Code. *Hovet*, 135 N.M. at 406, 89 P.3d at 78.

Under common law, neither the insured or the insurer has an obligation to settle. The public policy supporting a duty to settle is not reflected in the common law pertaining to civil disputes arising out of automobile accidents. *See Hovet v. Lujan*, 133 N.M. 611, 614, 66 P.3d 980, 983 (Ct. App. 2003). "New Mexico does not recognize a common-law cause of action by an injured third party against the tortfeasor's liability insurer for bad faith refusal to settle." *Id.* at 617, 66 P.3d at 986.

A statutory action for unfair claims practices based on failure to settle may only be filed after there has been a judicial determination of fault in favor of the third party and against the insured and the respective litigation has ended. *See Hovet*, 135 N.M. at 404, 89 P.3d at 76. Haschak has not been properly served and, therefore, there is not a valid claim pending against her with regard to liability. The Court concludes that Domenico's claims for bad-faith refusal to settle or to pay medical expenses against Hartford are premature and must await a finding of liability against Haschak.

**ii. Domenico's independent claims for interference with contract, prima facie tort, and conspiracy.**

Domenico's Complaint indicates that not all of Domenico's claims against Hartford revolve around Haschak's liability and Hartford's role in *refusing* to settle the insurance claim. Domenico also contends, that, when Hartford refused to pay his medical providers without even requesting an independent medical evaluation, it told the providers that it considered Domenico's claim to be a "nuisance suit" and that, as a result, his providers "halted all medical care" because they were concerned that they would never be paid. *See* Complaint ¶¶ 23-26, at 5. Domenico also alleges that

9

Hartford conspired with Ryan to secretly settle Domenico's claims for only $3,000 when his medical bills were much larger than that amount and that, instead of paying his medical providers, Hartford gave the check to Ryan, who kept it.  *See id.* ¶¶ 13, 16, at 3-4.

Domenico contends that Hartford's independent actions caused him further injury and pain and suffering, limited physical movement, and extreme mental anguish, *see id.* at ¶¶ 25, 27, and contends that, by its actions, Hartford has "committed conspiracy, civil fraud and bad faith," Doc. 28, ¶ 33 at 6.

Hartford argues that Domenico's "claims against it for fraud, conspiracy and bad faith are improper." Doc. 59 at 2.  It asserts that "there is no common-law or statutory cause of action that allows Plaintiff to bring suit directly against Hartford, as an alleged tortfeasor's insurance carrier, for fraud, conspiracy, or bad faith stemming from the settlement and release of claim executed in the bankruptcy proceedings as alleged in the Amended Complaint." *Id.* at 3.

Thus, although the parties acknowledge that before seeking liability against Hartford regarding a bad-faith *failure* to settle or pay medical expenses, Domenico must obtain a determination of liability against Haschak, the dispute appears to be whether Domenico can assert independent claims against Hartford without first obtaining a judgment of liability against Haschak.

Assuming Plaintiff's facts as true, and disregarding his lack of proper articulation of the legal theory, Domenico states sufficient facts to support independent and separate claims of interference with contract, a prima facie tort claim, and conspiracy to commit the tort.  "[I]f the court can reasonably read the pleadings to state a valid claim on which [a pro se] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under New Mexico law, "to prove intentional interference with an existing contract, [Plaintiff] must demonstrate that (1) Defendants had knowledge of a contract between [Plaintiff] and [a third party], (2) performance of the contract was refused, (3) Defendants played an active and substantial part in causing [Plaintiff] to lose the benefits of the contract, (4) damages flowed from the breached contract, and (5) Defendants induced the breach without justification or privilege." *Guest v. Berardinelli*, 145 N.M. 186, 196, 195 P.3d 353, 363 (Ct. App. 2008). "To prove intentional interference with prospective contractual relations, [Plaintiff] must show that Defendants damaged her by either (1) inducing or otherwise causing a third party not to enter into or continue a prospective relation with plaintiff or (2) preventing plaintiff from acquiring or continuing a prospective relation with a third party." *Id.* at 196, 195 P.3d at 363. To prove either of these causes of action, a plaintiff must demonstrate that the defendant interfered "'either through improper means or improper motive.'" *Id.* (quoting *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 20, 125 N.M. 748, 755, 965 P.2d 332 (Ct. App. 1998)).

Domenico asserts that he was injured when his medical providers denied him necessary treatment after Hartford, despite the fact that it agreed that Haschak was liable for Domenico's injuries and agreed to pay his medical expenses, falsely informed the provider that Domenico's suit was nothing more than a frivolous "nuisance suit." Such alleged statements by Hartford created a cause of action for interference with contract independent of a claim for bad faith in refusing to settle or pay his medical bills.

Domenico also asserts that Hartford and Ryan *allegedly secretly settled* his claim for $3,000 "even though Plaintiff's medical provider had already provided documentation of nearly $9,000 in care already given and a medical doctor's prognosis that Plaintiff needed an initial surgery which would cost between $25,000 and $30,000." Doc. 28 ¶ 13 at 3-4. He contends that neither he nor

11

his attorney were informed of the alleged settlement or provided with an opportunity to object to it. *See id.* ¶ 14 at 4.  He contends that Hartford then gave the settlement amount to Ryan.  *Id.* ¶ 15 at 4.

"To state a claim for prima facie tort, a plaintiff must allege (1) an intentional and lawful act, (2) with the intent to injure the plaintiff, (3) injury to the plaintiff as a result of an intentional act, and (4) the absence of sufficient justification for the injurious act."  *Healthsource, Inc. v. X-Ray Assoc. of N. M.*, 138 N.M. 70, 80, 116 P.3d 861, 871 (Ct. App. 2005) (citing *Schmitz v. Smentowski*, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990)).  Thus, a jury could find that, while Hartford could lawfully settle Domenico's claims with Ryan, Hartford intentionally intended to injure Domenico by secretly settling the claim for far less than Domenico's medical expenses without justification.

A civil conspiracy may not be a separate cause of action, but must be connected to another wrongful act of a defendant.  *See Pedroza v. Lomas Auto Mall, Inc.*, 600 F. Supp.2d 1162, 1169 (D.N.M. 2009).  "In New Mexico, the elements of civil conspiracy are: '(1) the existence of a conspiracy; (2) wrongful act done pursuant to the conspiracy; and (3) resulting damages.'"  *Id.* (quoting *Saylor v. Valles*, ¶ 25, 133 N.M. 432, 439, 63 P.3d 1152, 1159 (Ct. App. 2002)).  A civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Id.* at 1169-1170 (quoting *Las Luminarias of the N. M. Council of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App. 1978)).  Domenico has alleged sufficient facts to support his claim that Hartford conspired with Ryan to wrongfully and secretly settle Domenico's claims for less than Domenico's medical expenses.

Hartford failed to address Domenico's factual assertions pertaining to interference with contract, prima facie tort and the related conspiracy in its motion to dismiss or reply.  While it is true that Hartford had no duty to settle Domenico's claims against Haschak, once it undertook

12

independent action by contacting Domenico's medical provider, interfering with Domenico's contractual relations with his doctors and causing cessation of the services, and actually secretly negotiating a settlement with Ryan for far less than Domenico's actual medical expenses, Hartford opened the door to the independent causes of action Domenico has filed against it.

The Court will dismiss Hartford with regard to liability claims for alleged bad faith refusal to timely settle or pay the medical providers, but Domenico's claims for interference with contract, prima facie tort, and conspiracy in regard to an alleged settlement will not be dismissed.  The Court will also provide Domenico fourteen days from the date of this order to amend his Complaint to include the appropriate legal theories against Hartford for which he has provided supporting facts as discussed herein.

### iii.  Domenico's motion for a two-part trial.

On April 8, 2010, Domenico moved this Court to order a two-part trial because he "believes this is a reasonable course of action to follow . . . considering that nearly 50% of the testimony in both trials would be the same."  Doc. 53 ¶ 6, at 2.  Hartford responded that Domenico's  motion is merely an attempt to reargue his response to Hartford's motion to dismiss.  *See* Doc. 58 at 1-2. Hartford notes that Domenico acknowledges that he must first be awarded judgment against Haschak before he can pursue a claim against Hartford as Haschak's insurance carrier and contends that Domenico has provided no legal authority in support of his argument that there should be a two-part trial.  *See id.* at 2.

As noted above,

[A] third-party claimant may not sue both the insured and the insurer in the same lawsuit. [T]he third-party claimant will not even have an action under Section 59A-16-20(E), unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action.

13

*Hovet*, 135 N.M. at 404-405, 89 P.3d at 76-77. There must be some determination of Hashak's liability before Domenico may bring a statutory claim for failure to settle against Hartford. Domenico supplies no legal authority for his two-part trial request. The suit against Haschak and the suit against Hartford for bad faith in refusing to settle must be separate. The motion for a two-part trial will be denied.

## C.      Defendant 3 - Kieran Ryan

Domenico contends that, while serving as Trustee in Defendant's Chapter 7 bankruptcy proceeding, Ryan "committed conspiracy, fraud, denied [him] due process and has committed multiple counts of embezzlement that have harmed Plaintiff." Doc. 28 ¶ 35 at 6. Ryan asserts that Domenico's Amended Complaint fails to state a claim upon which relief can be granted because he fails to allege facts "supporting his claim and because of the quasi-judicial immunity afforded the Chapter 7 Bankruptcy Trustee." Doc. 32 ¶ 1 at 1. Ryan states that he is entitled to immunity unless he "acted willfully and deliberately in violation of the Trustee's duties." Doc. 33 at 4. While the Court agrees with that statement, it seems to beg the point of Domenico's Complaint. Domenico alleges that, by agreeing to settle Domenico's claims for far less than his outstanding medical bills, by failing to give Domenico or his attorney notice of a proposed settlement so that they could object, and by keeping the money and not paying Domenico's medical providers and not turning over the money to the Chapter 13 Trustee until more than a year after he had received it, Ryan willfully and deliberately violated his fiduciary duties. On these facts, Ryan can not show, as a matter of law, that he is entitled to quasi-judicial immunity.

Without setting forth the factual basis of Domenico's suit and without providing any legal analysis, Ryan also contends that Domenico's Amended Complaint does not allege any facts that

14

would satisfy any of the elements of the alleged causes of action, even if true.  *See* Doc. 33 at 3. Ryan further improperly attempts to include statements of fact that are contrary to Domenico's Amended Complaint.  For example, he states that a "negotiated settlement of those claims was entered," and that monies from that settlement were placed into an account "dedicated to the Domenico Bankruptcy."  Doc. 33 at 2.  But there is no evidence that Ryan ever moved the Bankruptcy Court for approval of that settlement or that it was ever approved by the Bankruptcy Court, and his bald statement about what he did with the monies contradicts Domenico's statement that Ryan embezzled the funds and kept them for himself until he was forced to provide a portion of them to the Chapter 13 Trustee, which this Court must accept as true for purposes of a motion to dismiss.  Ryan has failed to show entitlement to dismissal of Domenico's suit against him.

Ryan further contends that Domenico's claims should have been filed in bankruptcy court as a claim objection under Bankruptcy Rule 7001 and also fails to demand the type of relief specified in Bankruptcy Rule 7001.  *See id.* at 4.  Again, Ryan's contention begs the point that Domenico alleges that he had no opportunity to file an objection to the settlement because of Ryan's deliberate failure to notify him of the settlement, and the bankruptcy case is now closed.  Ryan has failed to show entitlement to dismissal of Domenico's claims against him.

**IT IS ORDERED THAT** *Defendants Beverly Haschak and Hartford's Motion to Dismiss Plaintiff's Amended Complaint for Damages* [Doc. No. 35] is hereby GRANTED in part and DENIED in part and the claims against Hartford pertaining to a bad-faith refusal to settle or pay medical providers are dismissed without prejudice;

**IT IS FURTHER ORDERED THAT** Domenico shall properly serve Haschak with the Amended Complaint within fourteen days of the filing of this Order;

**IT IS FURTHER ORDERED THAT** Domenico shall have fourteen days from the date of

15

this order to amend his Complaint to include the appropriate legal theories against Hartford for which he has provided supporting facts as discussed herein;

**IT IS FURTHER ORDERED THAT** *Plaintiff's Motion to this Court to Order a Two Part Trial* [Doc. No. 53] is DENIED;

**IT IS FURTHER ORDERED THAT** Defendant Kieran Ryan's *Motion to Dismiss Under FRCP12(B)(6) [sic]* [Doc. No. 32] is DENIED.

**DATED** this 15th day of July, 2010.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Timothy A. Domenico, *pro se*
P.O. Box 87
Englewood, CO 80151

*Attorneys for Defendant*s *Beverly Haschak and Hartford Insurance Company of the Midwest*:

Mark J. Riley, Esq.
Tiffany L. Sanchez, Esq.
Riley & Shane, P.A.
3880 Osuna Blvd., NE
Albuquerque, NM 87109

Kieran F. Ryan, *pro se*
P.O. Box 26
Las Cruces, NM 88004