**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TIMOTHY A. DOMENICO,

      Plaintiff,

vs.                                                                             Civ. No. 09-307 MV/CEG

BEVERLY HASCHAK, an Individual, and
THE HARTFORD CORPORATION, a/k/a
THE HARTFORD, a Connecticut corporation,
and KIERAN RYAN, an Individual,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendant Ryan's Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Memorandum in Support Thereof* [Doc. No. 71]. The Court has reviewed the motion and briefs submitted by the parties, and the relevant authorities. The Court concludes that Defendant Ryan's motion to dismiss will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 22, 2006, in Alamogordo, New Mexico, Defendant Beverly Haschak failed to stop at a stop sign and struck pro se Plaintiff Timothy A. Domenico with her car while he was riding his bicycle, injuring Domenico and damaging his bicycle. *See* Doc. 64 ¶¶ 1-2 & 5-6, at 2. Defendant The Hartford Corporation[1] ("Hartford") insured Haschak at the time. *See* Doc. 68 at 1. Five days after the accident, on December 27, 2006, Domenico filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Mexico. *See In re Timothy A.*

---

[1] In its motion to dismiss, Hartford clarifies that its proper name is HARTFORD INSURANCE COMPANY OF THE MIDWEST. *See* Doc. 35 at 1.

*Domenico*, Case. No. 7-06-12430-S7.  Defendant Kieran Ryan was the Chapter 7 Trustee who administered Domenico's bankruptcy estate.  *See id.* ¶ 11, at 3.  As Trustee, at some point Ryan entered into negotiations with Hartford to settle Domenico's claim against Haschak, eventually settling it for $3,000.  *See id.* ¶ 11, at 3; Doc. 68, Ex. A (copy of May 23, 2008 settlement agreement), at 16.  But Ryan did not provide prior notice to Domenico of the settlement or give him or his counsel opportunity to object to it.  *See* Doc. 64 ¶ 12, at 3.  And, there is nothing in the record to show that Ryan requested the bankruptcy court to approve the settlement.  Ryan took possession of the entire settlement amount and did not apply any of the funds towards Domenico's medical care.  *See id.* ¶¶ 13 and 16, at 4.  Domenico's Chapter 7 bankruptcy was converted to a Chapter 13 bankruptcy.  *See id.* ¶ 23, at 4-5; Doc 33, Ex. B (copy of order).  The Bankruptcy Court appointed a different Trustee, Kelly Skehen, for the Chapter 13 bankruptcy.  Because Domenico failed to appear at an 11 U.S.C. § 341 meeting of creditors that was scheduled for the end of March, 2009, Trustee Skehen filed a motion to dismiss the case.  *See* Doc. 7 at 1-2 (Domenico's motion to postpone proceedings in this Court pending dismissal of his bankruptcy case).  The Honorable James S. Starzynski, United States Bankruptcy Judge, granted the motion and dismissed the bankruptcy case on May 1, 2009.  *See* Doc. 33, Ex. C (order dismissing bankruptcy case).

Domenico filed his initial Complaint against Haschak and Hartford in the Twelfth Judicial District Court in Otero County, New Mexico, on February 27, 2009, while the bankruptcy proceedings were still active.  *See* Doc. 1 ¶ 2, at 1 and Doc. 1 at 4.  Domenico filed his Amended Complaint in this Court on August 15, 2009, adding Ryan as an additional Defendant.  *See* Doc. 28.  Ryan filed a motion to dismiss the Amended Complaint contending that he had quasi-judicial immunity from suit as a Chapter 7 Bankruptcy Trustee.  *See* Doc. 32 and 33.  The Court denied the motion because Ryan could not "show, as a matter of law, that he [was] entitled to quasi-judicial

2

immunity" and otherwise "failed to show entitlement to dismissal of Domenico's suit against him." *See* Doc. 62 at 14-16. On July 27, 2010, Domenico filed a Second Amended Complaint for Damages. Doc. 64.[2]

## II. LEGAL STANDARD

### A. Dismissal of a Complaint under FED. R. CIV. P. 12(b)(1)

Pursuant to Rule 12(b)(1) a court is empowered to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing its existence. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The Tenth Circuit Court of Appeals has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). These two forms of attack differ.

On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. *See id.* at 1180. But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. "In such instances, a court's reference to evidence outside the pleadings does not

---

[2]On August 7, 2010, without leave of the court or consent by the other parties, Domenico filed a "Corrected Second Amended Complaint for Damages," which the Court interprets as a Third Amended Complaint. *See* Doc. 79. Domenico must follow the applicable Court rules in filing such amended complaint.

convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003). A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary-judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). The jurisdictional question is intertwined with the merits of the case if subject-matter jurisdiction is dependent on the same statute that provides the substantive claim in the case. *See id.* at 259.

### B.      Dismissal of a Complaint under FED. R. CIV. P. 12(b)(6)

A complaint should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6)

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 541, 127 S. Ct. 1955, 1968-69, 167 L. Ed.2d 929 (2007)).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 544).

> "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted), *cert. denied*, --- U.S. ----, 13- S. Ct. 1142, --- L. Ed. 2d — (2010). While, generally, only the complaint and its allegations are considered in a motion to dismiss, documents referred to in the complaint may be considered at the motion-to-dismiss stage if they are "central to the plaintiff's claim" and their authenticity is undisputed.

*Phillips v. Bell*, 365 Fed. App'x 133, 137-138 (10th Cir. 2010).

4

### III.  ANALYSIS

Ryan does not set forth, and it is unclear, whether his FED. R. CIV. P 12(b)1 argument is a facial attack or a challenge of the facts upon which subject-matter jurisdiction is based.  He argues that the commencement of the action by Domenico against him without leave of the Bankruptcy Court violated the doctrine set forth in *Barton v. Barbour*, 104 U.S. 126 (1881).  *See* Doc. 71 at 2. He contends that any action, subsequent to his appointment as the Chapter 7 Bankruptcy Trustee, to administer Domenico's Bankruptcy estate and relating to the personal injury matter against Haschak "must be adjudicated in the Bankruptcy Court." *See* Doc. 71 at 2.  Ryan also argues that leave to file an action against him for acts performed by him in his capacity as Trustee must be obtained from the Bankruptcy Court prior to filing such action in this Court.  *See id.*

Ryan does not cite, and the Court has not found, any legal precedent for his argument that the matter must be adjudicated in Bankruptcy Court.  The argument fails.

Ryan also argues that "[[t]he Plaintiff's Corrected Second Amended Complaint for Damages falls squarely within the *Barton* Doctrine in that he asserts causes of action based on actions taken by Bankruptcy professionals . . . in the course of administering the estate." Doc. 71 at 2-3.  He argues that the *Barton* Doctrine bars a plaintiff from initiating a suit against a Court appointed fiduciary Trustee in a forum, other than the Bankruptcy Court, without obtaining prior leave of the Bankruptcy Court, if the suit involves acts performed by the Trustee in his official capacity as Bankruptcy Trustee.[3]  *See* Doc. 71 at 2-4.  Ryan interprets the holding in *Barton* too broadly.  In *Barton v. Barbour,* 104 U.S. 126 (1881), the Supreme Court held that a receiver who actively was

---

[3]The Court notes that Plaintiff has sought leave from the Bankruptcy Court and the Bankruptcy Court has reopened the matter.  *See In re Timothy A. Domenico*, Case No. 7-06-12430-S7.

in possession of property of a bankruptcy estate could not be sued without permission of the bankruptcy court because

> [t]he evident purpose of a suitor who brings his action against a receiver without leave is to obtain some advantage over the other claimants upon the assets in the receiver's hands. His judgment, if he recovered one, would be against the defendant in his capacity as receiver, and the execution would run against the property in his hands as such.

104 U.S. at 127. Accordingly, the purpose behind requiring a plaintiff to seek approval from the bankruptcy court is to prevent the plaintiff from obtaining funds which should have been distributed among the creditors. *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). This permission requirement has been expanded to include suits against the trustee even after the bankruptcy case has been closed, *see Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004); the requirement has not, however, been expanded to apply to the facts in this case.

Ryan does not articulate how the cases he refers to in his motion and memorandum are analogous to this case. The cases upon which Ryan relies are cases where there were funds in the estate which the trustee managed and administered and/or the debtor was discharged in bankruptcy, to the detriment of the creditors. Ryan describes other people and claims to which the *Barton* Doctrine applies, but does not apply the relevant law to the facts of Domenico's claim.

In this case, Domenico filed his lawsuit after Ryan was no longer Trustee in the matter and he joined Ryan in the lawsuit after the bankruptcy had been dismissed because Domenico failed to appear for the meeting of the creditors after his bankruptcy had been converted. No creditors will be affected by a decision by this Court in this matter. Because there was no discharge, the funds were not divided among any creditors; ultimately, the funds were returned to Domenico. Because there were no assets distributed in Domenico's bankruptcy, there is no risk of a creditor being hurt. Further, unlike the other cases cited by Ryan, in this matter, Domenico was never formally advised

of the settlement or provided with an opportunity to object to it. It appears that Ryan never petitioned the bankruptcy court to approve the settlement, therefore, Domenico could not have challenged Ryan's acts during the bankruptcy proceedings while Ryan was still the Trustee. Domenico has chosen this Court as his venue to bring his claims. The *Barton* Doctrine is not applicable and the Bankruptcy Court's permission is not required for Domenico to proceed with his claims in this Court. Ryan's FED. R. CIV. P 12(b)1 argument fails.

Ryan's has not set forth any new arguments in support of FED. R. CIV. P 12(b)6 dismissal of Domenico's Complaint. The Court has already determined that assuming the facts presented by Domenico as true Domenico states a claim upon which relief may be granted. *See* Doc. 62 at 14-15. It is unnecessary for the Court to rehash that analysis.

Ryan contends that Domenico will not be prejudiced if the Court dismisses his claims because the claims could be remedied within the Bankruptcy Court. *See* Doc. 71 at 3. But Domenico is asserting in his Second Amended Complaint more than just the claims against Ryan and is asserting non-bankruptcy related claims. Ryan has not argued whether or how all of these claims are within the jurisdiction of the Bankruptcy Court when the bankruptcy has been dismissed without the debtor being discharged. The Court has no responsibility to advocate for Ryan's beliefs. This Court has jurisdiction over the claims; the motion to dismiss will be denied.

**IT IS ORDERED THAT** *Defendant Ryan's Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Memorandum in Support Thereof* [Doc. No. 71] is hereby DENIED.

**DATED** this 12th day of October 2010.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Timothy A. Domenico, *pro se*
P.O. Box 87
Englewood, CO 80151

*Attorneys for Defendant*s *Beverly Haschak and Hartford Insurance Company of the Midwest*:

Mark J. Riley, Esq.
Tiffany L. Sanchez, Esq.
Riley & Shane, P.A.
3880 Osuna Blvd., NE
Albuquerque, NM 87109

Kieran F. Ryan, *pro se*
P.O. Box 26
Las Cruces, NM 88004