**FILED**
at Santa Fe, NM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAN 1 0 2011

MATTHEW J. DYKMAN
CLERK

TIMOTHY A. DOMENICO,

     Plaintiff,

vs.

Civ. No. 09-307 MV/CEG

BEVERLY HASCHAK, an Individual, and
THE HARTFORD CORPORATION, a/k/a
THE HARTFORD, a Connecticut corporation,
and KIERAN RYAN, an Individual,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (I) *Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Memorandum in Support Thereof*, filed August 6, 2010 [Doc. 66]; (ii) *Defendant Beverly Haschak's Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Memorandum in Support Thereof*, filed August 16, 2010 [Doc. 68]; and (iii) *Answer to Attorney Riley's Motion to Dismiss of August, [sic] 2010 [and] Plaintiff's Motion for Sanctions Against Attorney Riley*, filed August 16, 2010 [Doc. 70]. The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities. The Court concludes that both Defendants' motions to dismiss will be denied and that Plaintiff's motion for sanctions will also be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2006, in Alamogordo, New Mexico, Defendant Beverly Haschak failed to stop at a stop sign and struck pro se Plaintiff Timothy A. Domenico with her car while he was riding his bicycle, injuring Domenico and damaging his bicycle. *See* Doc. 64 ¶¶ 1-2 & 5-6, at 2.

1

Defendant The Hartford Corporation[1] ("Hartford") insured Haschak at the time. *See* Doc. 68 at 1. Hartford offered to pay all of Domenico's property and medical expenses and to give him $250.00 as additional compensation for the accident. *See* Doc. 64 ¶ 7, at 2.

Five days after the accident, on December 27, 2006, Domenico filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Mexico. *See In re Timothy A. Domenico*, Case. No. 7-06-12430-S7. Defendant Kieran Ryan was the Chapter 7 Trustee who administered Domenico's bankruptcy estate. *See id.* ¶ 11, at 3. As Trustee, at some point Ryan entered into negotiations with Hartford to settle Domenico's claim against Haschak, eventually settling it for $3,000. *See id.* ¶ 11, at 3; Doc. 68, Ex. A (copy of May 23, 2008 settlement agreement), at 16. But Ryan did not provide prior notice to Domenico of the settlement or give him or his counsel opportunity to object to it. *See* Doc. 64 ¶ 12, at 3. And there is nothing in the record to show that Ryan requested the bankruptcy court to approve the settlement. Ryan took possession of the entire settlement amount and did not apply any of the funds towards Domenico's medical care. *See id.* ¶¶ 13 and 16, at 4.

Domenico's Chapter 7 bankruptcy was converted to a Chapter 13 bankruptcy. *See id.* ¶ 23, at 4-5; Doc 33, Ex. B (copy of order). The Bankruptcy Court appointed a different Trustee, Kelly Skehen, for the Chapter 13 bankruptcy. Because Domenico failed to appear at an 11 U.S.C. § 341 meeting of creditors that was scheduled for the end of March, 2009, Trustee Skehen filed a motion to dismiss the case. *See* Doc. 7 at 1-2 (Domenico's motion to postpone proceedings in this Court pending dismissal of his bankruptcy case). The Honorable James S. Starzynski, United States Bankruptcy Judge, granted the motion and dismissed the bankruptcy case on May 1, 2009. *See* Doc.

---

[1]In its motion to dismiss, Hartford clarifies that its proper name is HARTFORD INSURANCE COMPANY OF THE MIDWEST. *See* Doc. 35 at 1.

33, Ex. C (Order dismissing bankruptcy case).

Domenico filed his initial Complaint against Haschak and Hartford in the Twelfth Judicial District Court in Otero County, New Mexico, on February 27, 2009, while the bankruptcy proceedings were still active. *See* Doc. 1 ¶ 2, at 1 and Doc. 1 at 4. Instead of requesting the Bankruptcy Court to take jurisdiction over the suit as part of a core proceeding in which Domenico had asserted claims for damages against Haschak, Hartford filed its Notice of Removal in this Court on March 30, 2009. *See* Doc. 1. When Domenico sought to postpone this case pending dismissal of his bankruptcy proceedings, Hartford objected, contending that the automatic stay applied only to actions by creditors against debtors and arguing that Hartford was not a creditor pursuing a claim against Domenico. *See* Doc. 9 at 2. The Magistrate Judge in this case denied Domenico's motion. *See* Doc. 10.

Domenico filed his Amended Complaint in this Court on August 15, 2009, adding Ryan as an additional Defendant. *See* Doc. 28. Haschak and Hartford filed a motion to dismiss the Amended Complaint, contending that Haschak had not been served with either the Complaint or the Amended Complaint and asserting that the time for service had expired. *See* Doc. 35 at 3. On July 15, 2010, the Court granted Domenico fourteen days to properly serve Haschak. *See* Doc. 62 at 15. In that Order, the Court confirmed that a determination of Haschak's liability was a pre-requisite to Domenico pursuing his claims of bad-faith refusal to settle and pay medical expenses against Hartford. *See id.* at 9. The Court provided Domenico with fourteen days to file a Second Amended Complaint to better address the claims against Hartford. *See id.* at 15-16. On July 27, 2010, Domenico filed a Second Amended Complaint for Damages (Doc. 64).

## II. LEGAL STANDARD

### A.    Dismissal of a Complaint under FED. R. CIV. P. 12(b)(1)

Pursuant to Rule 12(b)(1) a court is empowered to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1).  The party invoking federal jurisdiction bears the burden of establishing its existence. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The United States Court of Appeals for the Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).  These two forms of attack differ.

On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. *See id.* at 1180.  But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations.  "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d at 1003.  "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).  A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary-judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987).  The jurisdictional question is intertwined with the merits of the case if subject-matter jurisdiction is dependent on the

4

same statute that provides the substantive claim in the case. *Id.*

**B.      Dismissal of a Complaint under FED. R. CIV. P. 12(b)(6)**

A complaint should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6)

> if, viewing the well-pleaded factual allegations in the complaint as true and in the
> light most favorable to the non-moving party, the complaint does not contain
> 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v.
> San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS
> 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 541,
> 127 S. Ct. 1955, 1968-69, 167 L. Ed.2d 929 (2007)).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007).  A claim is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citing *Twombly*, 550 U.S. at 544).

> "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence
> that the parties might present at trial, but to assess whether the plaintiff's complaint
> alone is legally sufficient to state a claim for which relief may be granted" under
> Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation
> marks and citation omitted), *cert. denied*, --- U.S. ----, 13- S. Ct. 1142, --- L. Ed. 2d
> --- (2010).  While, generally, only the complaint and its allegations are considered
> in a motion to dismiss, documents referred to in the complaint may be considered at
> the motion-to-dismiss stage if they are "central to the plaintiff's claim" and their
> authenticity is undisputed.

*Phillips v. Bell*, 365 F. App'x 133, 137-138 (10th Cir. 2010).

**C.      Failure to Respond to a Motion**

"Failure of a party to file and serve a response in opposition to a motion within the time

prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b).  The court

cannot, however, grant a motion to dismiss based solely on plaintiff's failure to respond and must

consider the merits of the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).

This rule is "consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions

is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Id.* (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

## III.   ANALYSIS[2]

Haschak initially argues that Domenico has not sought leave of the Bankruptcy Court to reopen the proceedings regarding the trustee's conduct during the bankruptcy proceedings. *See* Doc. 68 at 3.   The Court notes that Plaintiff has sought leave from the Bankruptcy Court and the Bankruptcy Court temporarily reopened the matter. *See In re Timothy A. Domenico*, Case No. 7-06-12430-S7.   On October 22, 2010, the Honorable James S. Starzynski, U.S. Bankruptcy Judge, determined that "any decision concerning the trustee's immunity is best decided in the context of the district court action where other parties who may have a stake in that decision - specifically Defendants Beverly Haschak and Hartford Insurance Company of the Midwest - are already present and over whom the District Court unquestionably has personal jurisdiction (assuming sufficient service of process)." *See In re Timothy A. Domenico*, Case No. 7-06-12430-SL.   Judge Starzynski then reclosed the case in that court. *See id.*   This issue is moot.[3]

Haschak again asserts that she was never served with process. *See* Doc. 68 at 4.   On July 15, 2010, the Court provided Domenico with fourteen (14) days to serve Haschak.   A certificate of

---

[2]Much of Haschak's motion also refers to claims against Hartford.   For example, she states that Plaintiff fails to state a claim "against Hartford." Doc. 68 at 10.   Haschak argues that "[a]s argued herein, Plaintiff's claims against Hartford fail for a variety of reasons." *Id.* at 5.   Haschak may not assert arguments on behalf of other parties and her arguments for dismissal of Hartford from the matter will not be considered.

[3]Hartford argues that "the Court lacks jurisdiction over this matter as it is anticipated that the Court will properly dismiss Defendant Ryan for lack of jurisdiction due to the application of the *Barton* doctrine, and without the presence of Ryan in this action, an indispensible party will not be joined under rule 19 of the Federal Rules of Civil Procedure." Doc. 66 at 5.   Defendant Ryan's motion to dismiss was denied; this argument is moot.

service filed with the Court reflects that service occurred on July 26, 2010. *See* Doc. 81 at 2. This issue is also now moot.

### A.      Domenico has standing to bring this suit.

Hartford and Haschak contend that "Plaintiff's Second Amended Complaint fails to allege that there was any relationship between Plaintiff and Hartford nor with Defendant Haschak." Doc. 66 at 4; Doc. 68 at 4. They assert that "[f]rom December 22, 2006 to May 1, 2009, Plaintiff had no standing, legal right or authority of any kind to take any action in furtherance of a claim from that accident." *Id.* They argue "Plaintiff cannot use the bankruptcy proceeding to discharge debts then turn around and use the dismissal due to his default as right to reclaim a cause of action that was previously transferred to his bankruptcy estate[,] settled and released." Doc. 66 at 4; Doc. 68 at 3.

> There are three elements to Article III standing: 1) injury-in-fact; 2) causation; and 3) redressability. An injury-in-fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical. Causation is found upon a showing that the injury is fairly traceable to the challenged action of the defendant, rather than some third party not before the court. Redressability requires the plaintiff to show that it is likely that a favorable court decision will redress the injury to the plaintiff.

*Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004). (quotation marks, bracket, and citations omitted).

Defendants are trying to use the Bankruptcy Court as a double-edged sword. At the time that Domenico filed his state-court action, instead of petitioning for the Bankruptcy Court to handle the case, Defendant Hartford removed the case to federal court on its assertion that both federal-question and diversity jurisdiction existed.[4] *See* Doc. 9 at 3. Then, when Domenico moved to stay the proceeding until the bankruptcy matter was resolved, Hartford objected to the stay, insisting that the

---

[4]Haschak had not been served with process at that time and her counsel, who is also Hartford's counsel, had not yet entered their appearance on her behalf.

issues were not relevant to the bankruptcy proceeding and should continue. Now, Hartford's and Haschak's arguments are the opposite. Haschak and Hartford are wasting the Court's resources with their ever-changing contentions. This new jurisdictional argument is frivolous. Domenico has standing. He has alleged that Haschak and Hartford caused his concrete and particularized injuries. His claims are redressable by this Court. The Bankruptcy Court has agreed that all the claims in this case would be best handled by this Court. The Court has subject-matter jurisdiction over Domenico's claims.

**B.** **Domenico has stated sufficient facts to state claims against Haschak and Hartford.**

Despite Domenico's failure to respond to Haschak's motion to dismiss, the Court will analyze the motion on the merits.[5] Haschak contends that Plaintiff fails to "indicate which claims in his Second Amended Complaint apply to Haschak" and "there are no specific allegations against Haschak." Doc. 68 at 11. Haschak contends that "[e]ven reading the Second Amended Complaint liberally, there are no facts which make out a prima facie case for negligence or otherwise against Haschak." *Id.*

> In New Mexico, "a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages."

*Chavez v. Desert Eagle Distrib. Co. of N.M.*, 141 N.M. 116, 119, 151 P.3d 77, 80 (Ct. App. 2006) (quoting *Herrera v. Quality Pontiac*, 134 N.M. 43, 47-48, 73 P.3d 181, 185-86 (2003)), *cert. denied*, 152 P.3d 151 (2007). Whether a duty exists is a question of law for the court. *Herrera*, 134 N.M.

---

[5]Domenico is reminded that he is obligated to comply with the federal rules of civil procedure as well as the local rules of Court in proceeding with his case. Further failure to timely respond to the filed pleadings and documents may result in the imposition of sanction or in his matter being dismissed.

at 86, 73 P.3d at 48.

As noted above, Domenico asserts that, on December 22, 2006, Haschak failed to stop at a stop sign and struck him with her car while he was riding his bicycle, injuring him and his property. *See* Doc. 64 ¶¶ 1-2 & 5, at 2. Nevertheless, Haschak frivolously contends that "Plaintiff has failed to allege all the elements and a factual basis for each element of a negligence claim against Haschak." Doc. 68 at 12-13. "It is well established that the driver of a motor vehicle has a duty to keep a proper lookout and to maintain proper control of his vehicle." *Trujillo v. Treat*, 107 N.M. 58, 60, 752 P.2d 250, 252 (Ct. App. 1988). The driver's duty is to keep a lookout and actually see what is in the street that he is using; failure so to do constitutes negligence on his part. *See Ortega v. Koury*, 55 N.M. 142, 145, 227 P.2d 941, 943 (1951).

> Merely looking is not sufficient performance of the motorist's duty to keep a proper lookout. It is his duty, unless some reasonable excuse or explanation for not seeing is shown, to see what is in plain view or obviously apparent, or the things which a person in the exercise of due care and caution would see under like or similar circumstances, and to be cognizant of them and utilize the information obtained to prevent injury to himself and others. He is not absolved from liability by a failure to see what he could have seen by the exercise of due diligence, but is chargeable with seeing what he should have seen, or that which is apparent or in plain view, or which he could have seen had he looked, or with knowledge of all that a prudent and vigilant operator would have seen.

*Allen v. Papas*, 80 N.M. 159, 162, 452 P.2d 493, 496 (Ct. App. 1969) (citing *Ortega*, 55 N.M. at 145, 227 P.2d at 943). In addition to the general duty of drivers to keep a proper lookout and maintain proper control, there are also statutory obligations to stop and yield to oncoming traffic at stop signs,[6] and a  defendant who fails to obey an erected stop sign "runs the risk of being found

---

[6]*See* N.M. Stat. § 66-7-345 C ("Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway before entering the intersection"); N.M. Stat. § 66-7-330 B (1978) ("Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle

guilty of negligence." *Sellman v. Haddock*, 66 N.M. 206, 209, 345 P.2d 416, 418 (1959).

If, as Plaintiff asserts, Haschak hit him with her vehicle after she failed to stop at the stop sign, she breached her duty to him.  Haschak acknowledges that Domenico seeks damages for "injury, medical expenses, pain, suffering, property loss, inconvenience, [and] emotional distress." Doc. 68 at 4.  Assuming these facts presented by Domenico as true, the elements of negligence are clearly set forth.  Domenico has asserted a claim against Haschak upon which relief may be granted.

Despite the analysis in the July 15, 2010 Memorandum Opinion and Order in this matter, Hartford and Haschak continue to argue that the alleged settlement release that Ryan signed is binding and enforceable.  They wrongly contend that "Plaintiff does not challenge the validity of the release entered into during the pendency of the Chapter 7 bankruptcy," Doc. 66 at 5-6; Doc. 68 at 5-6, and that Domenico cannot ignore the release.  Doc. 68 at 13.[7]  They assert that "Plaintiff has not alleged that he ever objected to the trustee's settlement of the December 22, 2006 claim or in any way gave notice to the Bankruptcy Court of such objection at any time prior to filing this lawsuit, and the record in the Bankruptcy Court does not reflect such objection."  Doc. 66 at 3; Doc. 68 at 3.  But the issue of accord and satisfaction - or settlement - is "an affirmative defense, [and] the burden rest[s] on [the defendant asserting that defense] to come forward with sufficient

---

approaching a stop intersection indicated by a stop sign shall stop . . . and after having stopped shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection.").

[7]To support her argument, Haschak asserts "Plaintiff and Hartford as debtor to Plaintiff were notified through the Bankruptcy case that the trustee was handling Plaintiff's personal injury claim and notified by the trustee that creditors would get a possible dividend," Doc. 68 at 2.  Hartford and Haschak contend that "Plaintiff's claims of the trustee's secret settlement is directly contradicted by the bankruptcy file including trustee's motion to compel information and documents from Plaintiff's Colorado law firm."  Doc. 66 at 18; Doc. 68 at 6.  Notification that a trustee is handing a claim or a Trustee obtaining information about a claim, however, does not indicate that the Trustee is settling the claim and has obtained approval of the Bankruptcy Court.

evidentiary matters to establish a genuine issue of fact as to his defense." *W. Bank of Santa Fe v. Biava*, 109 N.M. 550, 552, 787 P.2d 830, 832 (1990) (citations omitted).   Domenico had no obligation to allege facts in his Complaint regarding an alleged settlement and release of which he apparently was not aware.

Similar to Ryan's contention in his first motion to dismiss filed September 24, 2009 (Doc. 32), Hartford's and Haschak's arguments "beg[]the point that Domenico alleges that he had no opportunity to file an objection to the settlement because of Ryan's deliberate failure to notify him of the settlement, and the bankruptcy case is now closed."[8]  Doc. 62 at 15.  They wrongly assert "that the Plaintiff and the Court have already acknowledged and found that Ryan and Hartford settled Plaintiff's claim against Hartford and Haschak on May 23, 2008." Doc. 66 at 9; Doc. 68 at 9.   The Court has never found that such settlement was legal, binding and enforceable; that significant issue remains pending with regard to this case.

Hartford infers that the Court is acting as an advocate for the Plaintiff in this case. *See* Doc. 66 at 12.  Hartford ignores, despite also being previously advised of such, the rule that "if the court can reasonably read the pleadings to state a valid claim on which [a pro se] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Even though the Court construes a pro-se litigant's pleadings liberally, such an interpretation was not necessary here. Domenico presented sufficient facts to support his claims and the Court reasonably read the

---

[8]Defendants, in Haschak's motion to dismiss, point to, without providing any copies, multiple documents from Plaintiff's bankruptcy matter.  None of these documents show that Plaintiff was advised of the settlement by Ryan or provided an opportunity to object to the settlement.

pleadings to state a valid claim despite Domenico's confusion of the legal theories. The Court provided Domenico with fourteen days to amend his Complaint to include the appropriate legal theories against Hartford, for which he has provided supporting facts; the Court did not advocate for Domenico or provide him with additional time to amend his facts to support a claim.

Again ignoring the Court's prior determination that Domenico stated sufficient facts for his claims, *see* Doc. 62, Hartford argues that in the Second Amended Complaint, Plaintiff does not cite sufficient facts and does nothing more than recite the elements from case law. *See* Doc. 66 at 13. The facts asserted by Domenico in his Second Amended Complaint are similar to those asserted in his Amended Complaint. *See* Docs. 28 and 64. Hartford contends "Plaintiff fails to allege sufficient facts to state causes of action for conspiracy, interference with contract, and prima facie tort which allegedly occurred during the pending of the Bankruptcy proceedings." Doc. 66 at 6. Hartford also contends that "[u]ntil filing his Second Amended Complaint, Plaintiff has never alleged that Hartford "interfered with contract." *Id.* at 12. The Court has already provided analysis on this issue in its prior order and refers Hartford to its Memorandum Opinion and Order of July 15, 2010 (Doc. 62) at pages 10 through 13.

In its prior order, the Court found that Hartford failed to address Domenico's factual assertions pertaining to interference with contract, prima facie tort and the related conspiracy in its motion to dismiss or reply. Hartford now contends that "as a matter of law, Hartford could not deal directly with Plaintiff's creditors during the pendency of the bankruptcy and Plaintiff's medical providers were under order of automatic stay in force with the filing for bankruptcy and neither liens nor the termination of any contract with Plaintiff, as debtor, could be asserted or altered." Doc. 66 at 5. Hartford ignores the point of Domenico's claim: that Hartford unlawfully, and with a bad motive, interfered with his medical treatment. Domenico asserts facts about Hartford's interactions

with others that a jury could find was a direct dealing with Plaintiff's medical providers.

The Court is tiring of Haschak and Hartford ignoring, or arguing in contravention of, both the facts as presented by Domenico and the prior findings of the Court. In a motion to dismiss, the Complaint is construed in favor of the plaintiff; all material allegations are accepted as true. *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992) (citing *Am. Mining Cong. v. Thomas*, 772 F.2d 640, 650 (10th Cir.1985)). It is the movant in a motion to dismiss who bears the burden of establishing that the Plaintiff has failed to allege enough facts to state a plausible claim for relief. *See Anderson*, 499 F.3d at 1232.

Neither Hartford nor Haschak have shown that Domenico does not state a claim upon which relief can be granted.

## IV.    SANCTIONS.

Domenico requests sanctions against Mark J. Riley, Esq. of Riley & Shane, P.A., counsel for Hartford and Haschak, because Attorney Riley's "voluminous filings in this matter have moved beyond anything that could be considered aggressive representation and Plaintiff believes these efforts by Attorney Riley should now be recognized by this Court as nothing more than frivolous." Doc. 70 ¶ 8, at 2. Domenico asserts that the documents submitted by Attorney Riley have no merit and that many of the documents are irrelevant. *See id.* ¶¶ 8-9, at 2. Domenico requests that Attorney Riley be financially sanctioned for every page of every document he has ever filed in this matter at a rate of $1,000 per page. *See* Doc. 70 ¶¶ A.-B., at 3. Defendant Hartford responded that the motion should be denied because Domenico failed to comply with FED. R. CIV. P. 11(c) by not first serving his motion on Defendants and refraining from filing the motion for 21 days. *See* Doc. 74 at 2. A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2).  Although the Court believes that counsel is pushing the wire with regard to frivolous filings, because Domenico did not comply with this procedural requirement, his motion for sanctions will be denied.[9]

       **IT IS ORDERED THAT** *Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Memorandum in Support Thereof* [Doc. No. 66] is DENIED;

       **IT IS FURTHER ORDERED THAT** *Defendant Beverly Haschak's Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Memorandum in Support Thereof* [Doc. No. 68] is DENIED; and

       **IT IS FURTHER ORDERED THAT** Plaintiff's *Motion for Sanctions Against Attorney Riley* [Doc. No. 70] is DENIED.

       **DATED** this 10th day of January 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Timothy A. Domenico, *pro se*
P.O. Box 87
Englewood, CO 80151

---

    [9]Without citing any legal authority and ignoring the clear language of Rule 11(c)(1), Hartford argues that Domenico's motion was improperly addressed towards counsel and not a party.  The Federal Rules of Civil Procedure state "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on *any attorney, law firm, or party* that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1) (emphasis added).  An attorney may be charged with sanctions for frivolous acts when representing a party. *See In re Allen*, 248 F. App'x 874, 878-879 (10th Cir. 2007) (sanctions were imposed upon the attorney who did not conduct reasonable research regarding her client's suit and did not show an objective basis for the claims she presented on behalf of her client.).

*Attorneys for Defendants Beverly Haschak and Hartford Insurance Company of the Midwest*:

Mark J. Riley, Esq.
Tiffany L. Sanchez, Esq.
Riley & Shane, P.A.
3880 Osuna Blvd., NE
Albuquerque, NM 87109

Kieran F. Ryan, *pro se*
P.O. Box 26
Las Cruces, NM 88004