# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

TIMOTHY A. DOMENICO,

        Plaintiff,

-vs-                                    Cause No. 1:09-CV-307 MV/CEG

BEVERLY HASCHAK, an Individual , and
THE HARTFORD CORPORATION aka THE
HARTFORD, a Connecticut Corporation and
KIERAN RYAN, an individual,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION OBJECTING TO DISCOVERY

**THIS MATTER** is before the Court on Plaintiff Timothy Domenico's *Motion Objecting to any Pretrial Order Allowing Unrestricted Discovery by Any Defendant beyond the Court Ordered Discovery Period that Concluded in the Fall of 2009* (Doc. 94) ('Motion'), and *Defendant Beverly Haschak and Hartford Insurance Company of the Midwest's Response to Plaintiff's Motion Objecting to any Pretrial Order Allowing Unrestricted Discovery by Any Defendant beyond the Court Ordered Discovery Period that Concluded in the Fall of 2009*, (Doc. 96) ('Response'). Plaintiff seeks to restrict all defendants from conducting discovery with regard to any claim in his complaint except those claims newly added in Plaintiff's Second Amended Complaint. (Doc. 94 at 3). The Court, having considered the parties' filings, the applicable law, and otherwise being fully advised in the matter, **FINDS** that Plaintiff's Motion is not well taken and will be **DENIED**.

        Plaintiff's case has been pending in the Federal District Court since March of 2009. This Court held a scheduling conference with the parties on July 29, 2009, at which point a discovery schedule was set. (Doc. 25). The case was assigned a standard 90 day discovery track and discovery was supposed to be completed by October 30, 2009. (Doc.

24; Doc. 25 at 1). In the period leading up to the discovery deadline, Defendants submitted several motions to dismiss Plaintiff's complaint. (Doc. 32; Doc. 33; Doc. 35). In addition, Plaintiff had not properly served Defendant Haschak prior to the expiration of the discovery deadline because he had wrongfully assumed that service on Ms. Haschak's insurer would suffice to effect service on Ms. Haschack herself. (Doc. 94 at 2, 4-5). Due to the pending motions to dismiss, the defendants submitted an unopposed motion to stay discovery on March 2, 2010. (Doc. 47). The Court granted the motion to stay discovery on March 4, 2010. (Doc. 48). United States District Judge Vazquez denied the defendants' motions to dismiss on April 26, 2010, and Judge Vazquez ordered Plaintiff to properly serve Defendant Haschak and to submit an amended complaint. (Doc. 62). Plaintiff properly served Ms. Haschak and filed a second amended complaint.

In December of 2010, this Court ordered the parties to confer and prepare a 'Joint Status Report' ('JSR') in advance of a Rule 16 scheduling conference (Doc. 92). The parties filed their JSR on January 4, 2011, and the parties appeared at a Rule 16 conference on January 10, 2011. The Court heard the parties' arguments with regard to Plaintiff's discovery Motion at the Rule 16 conference. The Court stated that it was inclined to deny Plaintiff's motion since very little discovery had been completed in the case prior to discovery being stayed. (Doc. 97). Furthermore, the Court noted that Defendant Haschak was not served until after discovery was stayed and that she has had no opportunity to engage in any discovery until now. (*Id.*). Plaintiff thereafter stated no opposition to the defendants being allowed to pursue discovery with regard to all of his claims. (*Id.*).

**IT IS THEREFORE ORDERED** that Plaintiff Timothy Domenico's *Motion Objecting to any Pretrial Order Allowing Unrestricted Discovery by Any Defendant beyond the Court Ordered Discovery Period that Concluded in the Fall of 2009* (Doc. 94) be **DENIED.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE