IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY A. DOMENICO,

        Plaintiff,

v.                                                           CV 09-307 MV/CG

BEVERLY HASCHAK, an individual, and
THE HARTFORD CORPORATION, aka
THE HARTFORD, a Connecticut Corporation,
and KIERAN RYAN, an individual,

        Defendants.

## ORDER FOR FURTHER BRIEFING

**THIS MATTER** comes before the Court on Defendants Beverly Haschak and Hartford Insurance Company of the Midwest's Motion to File Amended Answer to Plaintiff's Corrected Second Amended Complaint for Damages, filed April 1, 2011 (Doc. 126).

Defendant Haschak filed for Chapter 7 bankruptcy on January 24, 2011 in the United States Bankruptcy Court for the District of New Mexico.  Although the litigation in this case has been pending since March 2009, she failed to provide the Bankruptcy Court with notice of this suit until March 16, 2011. (*See* Doc. 18, Bankr. Case No. 11-10263).  Haschak filed a Suggestion of Bankruptcy with this Court on March 18, 2011. (*See* Doc. 118). Nevertheless, at the telephonic hearing before this Court on March 21, 2011, at which Plaintiff did not appear, counsel for Haschak stated that this case would proceed and that it would not be stayed because of Haschak's bankruptcy proceedings. (*See* Doc. 120). Eleven days later, however, on April 1, 2011, Defendants Haschak and Hartford filed their

1

motion to file an Amended Answer to the Second Amended Complaint, asserting as an affirmative defense that the automatic stay is "implicated by Haschak's Bankruptcy petition." (Doc. 126 at 2). Similar to their conflicting arguments when Plaintiff was in bankruptcy, Haschak and Hartford again are working both sides of the coin and offering inconsistent positions. They first state that the proceedings in this case will not be stayed, then they argue that they are stayed. They cite to no legal authority either way in support of their contentions. Plaintiff has not responded to the motion to file an amended answer, although Defendants Haschak and Hartford noted in their motion that Plaintiff opposes it. (*See* Doc. 126 at 2-3).

Congress granted federal bankruptcy courts with exclusive jurisdiction over debtors and their property. *Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940). Pursuant to 11 U.S.C. §362(a), an automatic stay was placed on suits against Defendant Haschak when she filed her voluntary bankruptcy petition. The Court **FINDS** that the parties have inadequately addressed the automatic-stay issue and must provide to the Court further briefing that analyzes the issues relating to the effect Haschak's bankruptcy has on each of the claims in this proceeding.

**IT IS THEREFORE ORDERED** that the parties shall have ten (10) days from the date of this Order to file additional briefing analyzing the effects of Haschak's bankruptcy on each claim in this proceeding, including the application of the automatic stay and the ability of this case, or any part thereof, to continue at this time. Within such time, Plaintiff shall also advise whether he intends to move the bankruptcy court to lift any stay on the

proceedings against Defendant Haschak so that he may pursue his claims in this Court.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE