IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY A. DOMENICO,

    Plaintiff,

vs.                                                     Civ. No. 09-307 MV/CEG

BEVERLY HASCHAK, an Individual, and
THE HARTFORD CORPORATION, a/k/a
THE HARTFORD, a Connecticut corporation,
and KIERAN RYAN, an Individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Plaintiff's Notice for Financial Sanctions Against Attorney Seiler and Sanctions Against Attorney Bauman Served on these Attorneys 21 Days Before Filing this Exact Notice/Motion with this Court to Financially Sanction These Two Attorneys for Pursuing a Frivolous Defense Regarding Defendant Ryan's Behavior*, filed May 10, 2011 [Doc. No. 133]. The Court has reviewed the motion and briefs submitted by the parties and the relevant authorities; no hearing will be held on this matter.[1] The Court concludes that the motion must be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Domenico filed his Amended Complaint in this Court on August 15, 2009, adding Defendant Kiernan Ryan as an additional Defendant. *See* Doc. 28. The Complaint has since been further amended. Ryan was defending himself *pro se* until December 3, 2010, when Attorney Bauman filed an entry of appearance as counsel for him. Attorney Seiler has joined Mr. Bauman in representing

---

[1] *See* Doc. 134.

Ryan. Both counsel have since signed and filed multiple documents relating to Ryan's defense.

## II. LEGAL STANDARDS

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Martin v. D.C. Court of Appeals*, 506 U.S. 1, 3 (1992) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)). Rule 11 of the Federal Rules of Civil Procedure assists the court with managing the allocation of resources. The relevant portion of Rule 11 provides:

> (b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Court may impose appropriate sanctions against a party if it determines that Rule 11(b) has been violated. *See* FED. R. CIV. P. 11 (c). Rule 11 is not designed to scare parties or attorneys away from pursuing their lawsuits or defenses. *See Duprey v. Twelfth Judicial Dist. Court*, CIV 08-0756, 720 F. Supp. 2d 1180, 1226 (D.N.M. 2009). The main purpose behind Rule 11 sanctions is to deter misconduct. *See id.* at 1200. Sanctions are to be imposed sparingly because they could

have effects broader than a single case and may affect counsel's reputation and creativity.  *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).  Ultimately, whether to impose sanctions under Rule 11 is committed to the discretion of the court.  *See* FED. R. CIV. P. 11(c); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 400 (1990).

### III. ANALYSIS

Domenico seeks to have monetary sanctions imposed against Seiler and Bauman in the amount of $150,000 each.  Domenico insists that his claims against Ryan are documented in the Bankruptcy Court records and in his Complaint and, therefore, Ryan has no valid defense.  *See* Doc. 133.  He contends that Seiler and Bauman are mounting a frivolous defense and performing fraudulent and sanctionable acts by accepting legal fees to defend Ryan.  *See id.* ¶¶ 4-6, at 2.

Ryan responds that Domenico has failed to state a recognizable basis for sanctions because all he alleges is his opinion that Ryan's defense is frivolous.  *See* Doc. 138 at 1.  Ryan argues that his counsel cannot determine by the allegations "which factual contention, claim, defense or legal argument in the pleadings they have filed Plaintiff believes to be frivolous."  *Id.* at 4.  Further, Ryan argues, Domenico "has failed to identify any evidence or allege any facts that would support a violation of Rule 11" by Seiler or Bauman.  *Id.*  Ryan contends that his defense is reasonable and based on substantiated facts.  *See id.*

Domenico ignores that he has not yet had a trial; thus no determination has been made on the merits of his claims.  Domenico does not detail any fraudulent acts or statements by these attorneys or specify any acts that violated Rule 11.  Ryan has the right to present a defense and to retain counsel to assist him with that defense.  Domenico points to no conduct by Seiler or Bauman in this case that would justify any sanctions being imposed against them.  His motion will be denied.

**IT IS ORDERED** that the Plaintiff's motion for sanctions [Doc. No. 133] is DENIED.

DATED this 30th day of September, 2011.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Timothy A. Domenico, *pro se*
1236 Spruce Street
Pueblo, CO 81004

*Attorneys for Defendants Beverly Haschak and Hartford Insurance Company of the Midwest*:

Mark J. Riley, Esq.
Tiffany L. Sanchez, Esq.
Riley, Shane & Keller, P.A.
3880 Osuna Blvd., NE
Albuquerque, NM 87109

*Attorneys for Defendant Kieran Ryan:*

Christopher P. Bauman, Esq.
Simone M. Seiler, Esq.
Bauman, Dow & León, P.C.
P.O. Box 30684
Albuquerque, NM 87190