## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TIMOTHY A. DOMENICO,

      Plaintiff,

vs.                                     Civ. No. 09-307 MV/CEG

BEVERLY HASCHAK, an Individual, and
THE HARTFORD CORPORATION, a/k/a
THE HARTFORD, a Connecticut corporation,
and KIERAN RYAN, an Individual,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *Defendants Beverly Haschak and Hartford Insurance Company of the Midwest's Motion to File Amended Answer to Plaintiff's Corrected Second Amended Complaint for Damages*, filed April 1, 2011 [Doc. No. 126], and pro se Plaintiff Timothy A. Domenico's *Motion to Dismiss this Action*, filed June 27, 2011 [Doc. No. 146]. The Court has reviewed the motion, the briefs and evidence submitted by the parties, and the relevant authorities. The Court concludes that the motion to amend will be denied as moot. The motion to dismiss will also be denied, and the case shall be stayed pending Domenico's release from a mental-health facility. The Court further concludes that Haschak has failed to file an Answer in this matter and that she shall file an Answer, in accordance herewith, or show cause why judgment should not be entered determining her to be liable for any injuries or damage Domenico may have suffered in an automobile/bicycle accident between her and him and allowing Domenico to continue to pursue his claims against Hartford for payment of that liability.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Domenico filed his initial Complaint against Haschak and Hartford in the Twelfth Judicial District Court in Otero County, New Mexico, on February 27, 2009. *See* Doc. 1 ¶ 2, at 1; Doc. 1 at 4. On March 30, 2009, Hartford removed the case to this Court based on federal-question and diversity jurisdiction. *See id.* at 2. Defendants Hartford and Ryan have filed Answers to the Complaint. On March 18, 2011, Haschak filed a Suggestion of Bankruptcy. *See* Doc. 118. On April 1, 2011, Hartford and Haschak moved to file their amended answer to raise the affirmative defense of the stay resulting from Haschak's bankruptcy petition. *See* Doc. 126. On April 26, 2011, the Court entered an Order for Further Briefing requiring the parties to analyze "the effects of Haschak's bankruptcy on each claim in this proceeding, including the application of the automatic stay and the ability of this case, or any part thereof, to continue at this time." Doc. 131 at 2. On May 2, 2011, the Bankruptcy Court granted Haschak a discharge. *See* Doc. 22, Case 11-10263-s7, United States Bankruptcy Court, District of New Mexico. Domenico has filed a motion to dismiss requesting that his Complaint be dismissed without prejudice. *See* Doc. 146.

Pending are two motions for summary judgment filed by Defendants Hartford and Ryan. *See* Docs. 143 & 144. Also pending is a motion to compel filed by Hartford. *See* Doc. 136.

## II. LEGAL STANDARDS

### A.     Post-Discharge Injunctions

Generally, a debtor is protected from any subsequent action by a creditor whose claim has been discharged in a bankruptcy case. *See* 11 U.S.C. § 524. The purpose behind the post-discharge injunction is protection of the debtor who is making a fresh-start after the discharge has been granted. *See Walker v. Wilde (In re Walker)*, 927 F.2d 1138, 1142 (10th Cir. 1991). The "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other

entity for, such debt." 11 U.S.C. § 524(e). "In the liability insurance context, . . . a . . . plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment." *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 53-54 (5th Cir. 1993). A creditor may "bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when . . . establishment of that liability is a prerequisite to recovery from another entity." *In re Walker*, 927 F.2d at 1142. The policy of giving a debtor a fresh-start is not a means for an insurer to escape its liabilities based merely on its insured's financial misfortune. *See In re Edgeworth*, 993 F.2d at 54.

### B.       Voluntary Dismissals

After the opposing party has filed an answer or motion for summary judgment, motions for voluntary dismissal are governed by Federal Rule of Civil Procedure 41(a)(2) and are within the sound discretion of the court. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). In making its determination, the Court considers the purposes of Rule 41(a)(2): to prevent voluntary dismissals unfairly affecting the other side and to permit the designation of curative conditions. *See id.* Of major importance is whether the defendant will suffer unfair prejudice in the light of the valid interests of the parties. *See id.* Accordingly, the Court considers the prejudice that would be caused to Defendants if the motion is granted.

### C.       Sanctions under Rule 11 of the Federal Rules of Civil Procedure

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Martin v. D.C. Ct. of App.*, 506 U.S. 1, 3 (1992) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)). Rule 11 of the Federal Rules of Civil Procedure assists the court with managing the allocation of resources.

3

The relevant portions of Rule 11 provide:

> (b) **Representations to the Court**.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) **Sanctions.**
>
> . . .
>
> (4) **Nature of a Sanction**.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Rule 11 is not designed to scare parties or attorneys away from pursuing their lawsuits or articulating creative theories of recovery.  *See Duprey v. Twelfth Judicial Dist. Court*, CIV 08-0756, 720 F. Supp. 2d 1180, 1226 (D.N.M. 2009).  The main purpose behind Rule 11 sanctions is misconduct deterrence.  *See id.* at 1200.  Sanctions are to be imposed sparingly as they may have effects broader than a single case and may affect counsel's reputation and creativity.  *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).  Ultimately, whether to impose sanctions under

4

Rule 11 is committed to the discretion of the court.  *See* FED. R. CIV. P. 11(c); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 400 (1990).  And, the Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984).

## III.  ANALYSIS

### A.    Defendants' Motion to Amend the Complaint is Moot.

Hartford responded to the order for further briefing contending that because a bankruptcy discharge operates as an injunction against commencement or continuation of lawsuit against a debtor, Haschak is entitled to be dismissed from the case.[1]  Domenico indicated in his briefing that he would pursue in the Bankruptcy Court a lifting of the stay.  Doc. 135 ¶ 7, at 2.  Because the discharge has been granted in Haschak's bankruptcy case, the stay is no longer an issue.  Haschak and Hartford's motion to amend their answer is, therefore, moot.  Haschak and Hartford raised, in their supplemental briefing, their contention that Haschak should be dismissed as a party because of her discharge in bankruptcy.  The Court disagrees.  While Domenico cannot proceed with his lawsuit against Haschak to obtain personal liability for a debt, he may proceed against Haschak in order to determine her liability so that he may recover the payment obligation from a third party, in this case, Hartford, as the insurer.

### B.    Dismissal of the Complaint Without Prejudice is Inappropriate to These Facts.

Domenico asserts in his motion that "due to direct actions by Attorney Riley," he has

---

[1]Hartford attached to its briefing a note from Domenico dated April 12, 2011 stating that "Due to Defendant's [sic] Haschak bankruptcy filing I agree to a stipulated motion to drop her as a Defendant in our matter together."  Doc. 132, Ex. B at 1.  In his additional briefing, Domenico states that he will be filing with the Bankruptcy Court a motion to lift the stay to allow him to pursue his claim against Haschak.  Doc. 135 ¶ 7, at 2.  There does not appear to be a documented agreement between the parties to dismiss Haschak from Domenico's lawsuit.

"suffered a severe emotional and psychological setback" and that he had been admitted to "an acute-care mental health facility."  Doc. 146 ¶¶ 1 & 2, at 1.  He argues that he has received an overwhelming amount of documentation from opposing counsel and that "there is no way [he] can respond to these many thousands of pages of documents."  *Id.* ¶ 4, at 1.  He also contends that the documentation, when combined with "the fact that Attorney Riley directed . . . Defendant Haschak - to file bankruptcy," prohibits him from continuing to prosecute this matter.  *Id.* ¶ 5, at 1-2.  Domenico moves the Court to dismiss his case, without prejudice, anticipating that he may recover and be able to secure counsel to represent him in re-initiating his case.  *See id.* ¶ 7, at 2.

Hartford objects to a dismissal of Domenico's case without prejudice because "Plaintiff could simply refile the Complaint in Colorado."  Doc. 147 at 1.  Hartford asserts that all documents it provided to Domenico relate to the litigation and none of the documents and papers "have been directed to cause (or reasonably would cause) Plaintiff to suffer 'a severe emotional and psychological setback.'"  *Id.* at 2.  Hartford contends that the motion to dismiss is "directed to delay and protract litigation" that was commenced more than two years ago.  Hartford argues that dismissal "will only serve to prolong litigation and waste the Court's and the parties' resources and time."  *Id*.  Hartford admits that its counsel was notified that Domenico had been admitted to "Parkview Medical."  *Id.* ¶ 2, at 2.  Hartford contends that Domenico's allegation that Attorney Riley directed Haschak to file bankruptcy is false and misleading.  *See id.* ¶ 5, at 4.

Ryan concurs that Domenico's case should be dismissed, but disputes Domenico's factual allegations supporting his motion.  *See* Doc. 149 at 1.  Ryan requests that the Court dismiss the case with prejudice because of the potential burden on Defendants if they are forced to defend against the same claims later, particularly because the case is close to trial.  *See id.*

The Court analyzes several factors in determining whether there is legal prejudice to the

party opposing the motion, including the party's efforts and expense in preparing for trial, excessive delay and lack of diligence by the plaintiff in pursuing his case, and the sufficiency of the explanation for the need for the dismissal. *See Clark*, 13 F.3d at 141. Here, the parties have spent significant time and effort in preparation for trial. Defendants have been utilizing their resources to prepare their defense. This case is certainly not moving at a rapid pace. Defendants cannot argue, however, that Domenico has caused excessive delay or lacked due diligence in pursuing his case to an extent that justifies dismissal with prejudice. Domenico's reasoning for dismissal without prejudice is sufficient; he is overwhelmed *and* in a mental hospital. Assuming, without deciding, that Defendant would be able to re-file his matter in this or another court, dismissal at this time would be prejudicial to the Defendant. *See Fairchild v. I.R.S. (In re Fairchild)*, 969 F.2d 866, 868 (10th Cir.1992) (no abuse of discretion in denying dismissal without prejudice in light of significant amount of time and resources expended the defendant).

Nevertheless, dismissal of the case with prejudice would clearly be detrimental to Domenico, who is currently under the care of a mental-health facility. It would not be just to compel him to pursue his litigation while he is undergoing intensive mental treatment; nor would it be just to dismiss his case because he cannot meet scheduling requirements and the requirements of the federal and local rules of civil procedure at this time. "It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Because Defendants have objected to the dismissal, the Court will alternatively construe Domenico's motion to dismiss as a motion to stay pending his release from the mental-health facility. The Court will deny the motion to dismiss without prejudice because of unfair prejudice to Defendants. The Court will further stay

this case until Domenico is released from the mental-health facility.

In order to ensure that this case continues timely, Domenico shall notify the Court and Defendants in writing within ten (10) days of his release or the date of this Order, whichever is later. Domenico shall have forty-five (45) days from the date of his release or the date of this Order, whichever is later, to obtain counsel and 90 days to respond to any pending motions filed by Defendants. His response to these motions are required regardless of whether he obtains counsel. The Court will then rule on the motions and schedule the matter for trial, if appropriate. Failure by Domenico to notify the Court of his release or to appropriately respond to the motions may result in the Court dismissing his case with prejudice.

### C.   Haschak Must File an Answer or Show Cause Why Judgment Should Not be Entered Against Her for Liability in this Case.

Haschak has filed with this court, individually, and with Hartford, jointly, multiple documents, *see*, *e.g.,* Doc. 68 & Doc. 126.[2] However, at no time has Haschak filed an Answer in this matter. By filing her motions and other documents, Haschak is implying to the Court that she has already filed an Answer, which is false. By making false statements to the Court, Haschak is subjecting herself to sanctions. Further, by failing to file an Answer, while also trying to defeat Domenico's cause of action, Haschak is wasting the Court's time and resources. She is preventing the narrowing of the real disputes to be resolved at trial. Haschak was served with process over a year ago. Counsel entered an appearance on her behalf August 16, 2010. *See* Doc. 69. The Court will not stand for her continued delay and disrespect for the judicial process. Accordingly, and notwithstanding the stay placed on the proceeding herein due to Domenico's mental-health issues,

---

[2]Haschak had, jointly with Hartford, filed a motion to dismiss early in this case asserting that Haschak had not been served with process. *See* Doc. 35. The motion to amend acknowledges that Haschak was served with process on July 26, 2010. *See* Doc. 126 n.1 at 2.

Haschak must, within fourteen (14) days of the date of this Order, either file her Answer to the Complaint, as amended, and respond truthfully to each and every allegation contained therein or show cause why the Court should not enter judgment against her in this matter determining her liable with regard to Domenico's damage and injury claims so that Domenico can pursue his recovery payment from Hartford for that liability, in an amount to be determined at trial.

IT IS ORDERED that the *Defendants Beverly Haschak and Hartford Insurance Company of the Midwest's Motion to File Amended Answer to Plaintiff's Corrected Second Amended Complaint for Damages* [Doc. No. 126] is DENIED as moot.

IT IS ORDERED that the *Motion to Dismiss this Action* [Doc. No. 146] is hereby DENIED; that this proceeding shall be stayed until Plaintiff Domenico is released from the mental-health facility and that he shall keep the Court informed of the status of his release from the facility, as set forth above.

IT IS FURTHER ORDERED that, notwithstanding the stay of the proceedings herein, Defendant Haschak shall, within fourteen (14) days of the date of this Order file with the Court an Answer to the Complaint, as amended, that responds truthfully to each and every allegation contained therein or show cause why, with regard to liability, the Court should not enter judgment against her.

DATED this 30th day of September, 2011.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

9

*Attorneys for parties*:

Timothy A. Domenico, *pro se*
1236 Spruce Street
Pueblo, CO 81004

*Attorneys for Defendants Beverly Haschak and Hartford Insurance Company of the Midwest*:

Mark J. Riley, Esq.
Tiffany L. Sanchez, Esq.
Riley, Shane & Keller, P.A.
3880 Osuna Blvd., NE
Albuquerque, NM 87109

*Attorneys for Defendant Kieran Ryan:*

Christopher P. Bauman, Esq.
Simone M. Seiler, Esq.
Bauman, Dow & León, P.C.
P.O. Box 30684
Albuquerque, NM 87190