# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TIMOTHY A. DOMENICO,

      Plaintiff,

vs.                                                                           Civ. No. 09-307 MV/CEG

BEVERLY HASCHAK, an Individual, and
THE HARTFORD CORPORATION, a/k/a
THE HARTFORD, a Connecticut corporation,
and KIERAN RYAN, an Individual,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on *Plaintiff's Notice for Financial Sanctions Against Attorney Riley - Served on Attorney Riley 21 Days Before Filing this Exact Notice/Motion with this Court to Financially Sanction Attorney Riley*, filed March 9, 2011 [Doc. 111], *Request for Hearing Setting for this Court To Hear Arguments Regarding Plaintiff's Motion for Summary Judgment and to Hear Arguments for Plaintiff's Motion for Financial Sanctions in Regards to Attorney Riley's Behavior in this Matter*, filed March 14, 2011 [Doc. 113]; *Motion for Summary Judgment*, filed March 14, 2011 [Doc. 114]; and *Request for Hearing Setting for this Court to Hear Arguments Regarding Plaintiff's Motion for Summary Judgment and to Hear Arguments for Plaintiff's Motion for Financial Sanctions in Regards to Attorneys Riley's, Bauman's, and Seiler's Behavior in this Matter*, filed May 10, 2011 [Doc. 134].  The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities.  The Court concludes that all of the motions and requests will be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

According to Domenico's Second Amended Complaint, on December 22, 2006, in Alamogordo, New Mexico, Defendant Beverly Haschak failed to stop at a stop sign and struck pro se Plaintiff Timothy A. Domenico with her car while he was riding his bicycle.  *See* Doc. 64 ¶¶ 1-2 & 5-6, at 2.  Defendant The Hartford Corporation[1] ("Hartford") insured Haschak at the time.  *See* Doc. 68 at 1.

Five days after the accident, on December 27, 2006, Domenico filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Mexico.  *See In re Timothy A. Domenico*, Case No. 7-06-12430-s7.  Defendant Kieran Ryan was the Chapter 7 Trustee who administered Domenico's bankruptcy estate.  *See id.* ¶ 11, at 3.  As Trustee, at some point Ryan entered into negotiations with Hartford to settle Domenico's claim against Haschak, eventually settling it for $3,000.  *See id.* ¶ 11, at 3; Doc. 68, Ex. A (copy of May 23, 2008 settlement agreement), at 16.  But, according to Domenico, Ryan did not provide prior notice to Domenico of the settlement or give him or his counsel opportunity to object to it.  *See* Doc. 64 ¶ 12, at 3.  Domenico's Chapter 7 bankruptcy was converted to a Chapter 13 bankruptcy.  *See id.* ¶ 23, at 4-5; Doc 33, Ex. B (copy of order).  The Bankruptcy Court appointed a different Trustee, Kelly Skehen, for the Chapter 13 bankruptcy.  Because Domenico failed to appear at an 11 U.S.C. § 341 meeting of creditors that was scheduled for the end of March, 2009, Trustee Skehen filed a motion to dismiss the case.  *See* Doc. 7 at 1-2 (Domenico's motion to postpone proceedings in this Court pending dismissal of his bankruptcy case).  The Honorable James S. Starzynski, United States Bankruptcy Judge, granted the motion and dismissed the bankruptcy case on May 1, 2009.  *See* Doc. 33, Ex. C

---

[1]In its motion to dismiss, Hartford clarifies that its proper name is HARTFORD INSURANCE COMPANY OF THE MIDWEST.  *See* Doc. 35 at 1.

(Order dismissing bankruptcy case).

Domenico filed his initial Complaint against Haschak and Hartford in the Twelfth Judicial District Court in Otero County, New Mexico, on February 27, 2009, while the bankruptcy proceedings were still active.  *See* Doc. 1 ¶ 2, at 1 and Doc. 1 at 4.  Hartford removed the case to this Court on March 30, 2009.  *See* Doc. 1.  Domenico filed his Amended Complaint on August 15, 2009, adding Ryan as an additional Defendant.  *See* Doc. 28.  With the Court's permission, on July 27, 2010, Domenico filed a Second Amended Complaint for Damages (Doc. 64).

Hartford and Haschak filed similar motions to dismiss on August 6, 2010 and August 16, 2010, respectively, both of which were denied on January 10, 2011.  *See* Doc. 95.  On August 16, 2010, Domenico filed a motion for sanctions against Attorney Riley, Doc. 70, which was also denied by that same order for failure to comply with the Federal Rules of Civil Procedure.  *See* Doc. 95. On March 18, 2011, Haschak filed a Suggestion of Bankruptcy.  *See* Doc. 118.  On May 2, 2011, the Bankruptcy Court granted Haschak a discharge.  *See* Doc. 22, Case 11-10263-s7, United States Bankruptcy Court, District of New Mexico.

## II.  LEGAL STANDARD

### A.    Financial Sanctions

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Martin v. D.C. Ct. of App.*, 506 U.S. 1, 3 (1992) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)).  Rule 11 of the Federal Rules of Civil Procedure assists the court with managing the allocation of resources. The relevant portions of Rule 11 provide:

(b) **Representations to the Court**.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) **Sanctions.**

(1) **In General**.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

. . .

(4) **Nature of a Sanction**.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Rule 11 is not designed to scare parties or attorneys away from pursuing their lawsuits or articulating creative theories of recovery. *See Duprey v. Twelfth Judicial Dist. Court*, CIV 08-0756, 720 F. Supp. 2d 1180, 1226 (D.N.M. 2009).  The main purpose behind Rule 11 sanctions is misconduct deterrence. *See id.* at 1200.  Sanctions are to be imposed sparingly as they may have

effects broader than a single case and may affect counsel's reputation and creativity.  *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7ᵗʰ Cir. 2003).  Ultimately, whether to impose sanctions under Rule 11 is committed to the discretion of the court.  *See* FED. R. CIV. P. 11(c); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 400 (1990).

### B.   Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).[2]  The party seeking summary judgment has the

> initial burden to show that there is an absence of evidence to support the nonmoving party's case.  Once [the movant] meets this burden, the burden shifts to [the non-moving party] to identify specific facts that show the existence of a genuine issue of material fact.  The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.

*Thomas v. I.B.M.*, 48 F.3d 478, 484 (10ᵗʰ Cir. 1995) (citations and internal quotations omitted).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[2]   Rule 56 was recently amended, effective December 1, 2010. Under the amended rule, the standard previously enumerated in subsection (c) was moved to subsection (a), and the term genuine "issue" became genuine "dispute."  *See* Fed.R.Civ.P. 56 advisory committee's notes (2010 Amendments).  However, the "standard for granting summary judgment remains unchanged."  *Id.*

*E.E.O.C. v. C.R. England, Inc.*, --- F.3d ----, 2011 WL 1651372, *5 n. 8 (10ᵗʰ Cir., May 3, 2011).

FED. R. CIV. P. 56(c)(1).  The factual materials accompanying a motion for summary judgment must be admissible or usable at trial, although they do not necessarily need to be presented in a form admissible at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  An issue of fact is genuine if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Mere assertions or conjecture of factual disputes are not enough to survive summary judgment.  *See Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988).  The ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

## III.    ANALYSIS

### A.  Sanctions

Domenico moves the Court to impose sanctions against Mark J. Riley, counsel for Hartford and Haschak, because Attorney Riley "has commenced a frivolous defense regarding Plaintiff's initial and all subsequent amended complaints in this matter," and "dispatched to Plaintiff a letter falsely accusing Plaintiff of lying to this Court about Plaintiff's injuries and/or disability incurred from the automobile/bicycle accident that incited this action."  Doc. 111 ¶¶ 1-2, at 1-2.  Domenico asserts that the letter "was created out of nothing more than pure vapor" and was intended to harass and intimidate him with regard to his personal-injury claims.  *Id.* ¶ 3, at 2.  Domenico asserts "[t]he Court has not even seen all of the various ridiculous and counter productive joint motions that Attorney Riley's staff has dispatched to Plaintiff."  *Id.* ¶ 4, at 2.  He contends "Attorney Riley has violated more Federal Court Rules than Plaintiff could ever relate to this Court."  *Id.* ¶ 5, at 2.  Domenico asserts that he "has suffered severe emotional and psychological damage just as Attorney

6

Riley intended." *See id.* ¶ 6, at 2.  More than a month after filing this motion, on April 11, 2011, Domenico filed a *Supplement to Plaintiff's Motion for Sanctions Against Attorney Riley* [Doc. 129] arguing that Riley "continues to request that Plaintiff agree to absolutely ridiculous motions." Doc. 129 ¶ 1, at 1.

The burden of showing that sanctions are warranted lies with Domenico.  *See* FED. R. CIV. P. 11(c)(2).  Domenico's pro-se status does not excuse him from the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).  In his motion, Domenico neither cites legal authority in support of his request nor provides the Court with specific detailed examples, such as copies of the letter he claims Riley sent to him or of any of the "ridiculous" motions.  Domenico has not provided to the Court any clear or specific justification for sanctions being imposed upon Riley.  His motion for sanctions will be denied.

The Court notes that this is Domenico's second attempt at obtaining sanctions against Riley. In the first motion, Domenico requested that Attorney Riley be financially sanctioned for every page of every document he has ever filed in this matter at a rate of $1,000 per page.  *See* Doc. 70 ¶¶ A.-B., at 3.  The motion was denied, however, because Domenico failed to comply with FED. R. CIV. P. 11(c) in that he did not first serve his motion on Defendants and then refrain from filing the motion for 21 days.  *See* Doc. 95.  While Domenico has complied with that 21- day provision in the most recent motion, he has again failed to adhere to the Federal Rules of Civil Procedure, thereby abusing the Court's limited resources.  Domenico is advised to review the current Federal and Local Rules of Civil Procedure with regard to each document he files.  And he is warned that, should he continue to ignore these Rules, he may be subject to sanctions.

**B.      Motion for Summary Judgment**

Domenico contends that "[t]he facts of this case are clear and undisputed." *See* Doc. 114 ¶ 1, at 1.  He asserts: "This Court has recognized and acknowledged the facts of this case, including Plaintiff's injury, the significant consequences to Plaintiff caused by the car/bicycle accident that incited this court action, the negligence of Defendant Haschak and the torts intentionally committed by Defendants Hartford and Ryan." *Id.* ¶ 2, at 1.  But, in resolving motions to dismiss, the Court has acknowledged only that Domenico made certain allegations in his Complaints that, *for purposes of resolving the motions*, the Court accepted as true.  Whether those claims are, in fact, true remains to be proven.  He then requests exorbitant amounts of money in damages and states "that taking this matter to trial - based on the established facts of the case - is a total waste of the Court's time and would do nothing more than continue to enrich a number of private attorneys in their efforts pursuing frivolous defenses." *Id.* ¶¶ 5-10, at 2.  Domenico, as movant, however, has the burden of demonstrating the absence of a genuine issue of material fact.  *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993).  But, as noted by Defendants Hartford[3] and Ryan, here, Domenico cites to no specific materials, in the record or otherwise, that support his motion for summary judgment and/or show established facts.  *See* Doc. 123 and 125.  Domenico further provides no legal support for his motion.  Defendant Hartford disputes that Domenico was injured in the accident and asserts that a valid settlement was reached in the matter.  *See* Doc. 123. Domenico's motion does not show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

Domenico states that he "understands that [he] may not have followed every rule in order

---

[3]Haschak had filed her Suggestion of Bankruptcy by the time the responses to this motion were filed.

to have this Court rule in [his] favor regarding this motion but [he] also believe [s] this Court has some leeway in regards to a Pro Se Plaintiff." *See* Doc. 114 ¶ 9, at 2.  It is true that, because Domenico is proceeding pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).  It is further true that "if the court can reasonably read the pleadings to state a valid claim on which [a pro se] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  As already mentioned above with regard to Domenico's request for sanctions, however, a litigant's pro-se status does not excuse him from the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994).  Domenico's  motion for summary judgment will be denied.

### C.    Request for Hearing

Domenico has requested the Court to set a hearing to hear arguments regarding his motion for summary judgment, his motion for sanctions against Riley, and his motion for sanctions against Bauman and Seiler.  *See* Docs. 113 & 134.  Pursuant to our local Rules, "a motion will be decided on the briefs unless the Court sets oral argument."  D.N.M. LR-Civ. 7.6(a).  After examining the briefs, the Court has determined that oral argument would not materially assist the determination of these motions and requests.  Domenico had the opportunity to submit with his motions for sanctions the documents in support of those motions, yet he failed to provide them.  Similarly, Domenico had the opportunity to provide with his motion for summary judgment supporting materials, including, but not limited to, citations to the record, affidavits and other documents, but

failed to provide any.  The Court will not provide him further opportunity to waste the Court's
resources in relation to that motion.  The requests for hearing will be denied.

      **IT IS ORDERED THAT** Plaintiff's motion for sanctions [Doc. 111] is **DENIED**;

      **IT IS FURTHER ORDERED THAT** Plaintiff's two requests for hearings [Doc. 113 &
Doc. 134] are **DENIED**;

      **IT IS FURTHER ORDERED THAT** Plaintiff's motion for summary judgment [Doc. 114]
is **DENIED**.

      **DATED** this 30th day of September, 2011.

                             _____

                             **MARTHA VAZQUEZ**
                             **UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Timothy A. Domenico, *pro se*
1236 Spruce Street
Pueblo, CO 81004

*Attorneys for Defendants Beverly Haschak and Hartford Insurance Company of the Midwest*:

Mark J. Riley, Esq.
Tiffany L. Sanchez, Esq.
Riley, Shane & Keller, P.A.
3880 Osuna Blvd., NE
Albuquerque, NM 87109

*Attorneys for Defendant Kieran Ryan:*

Christopher P. Bauman, Esq.
Simone M. Seiler, Esq.
Bauman, Dow & León, P.C.
P.O. Box 30684
Albuquerque, NM 87190